10-1056-ag
Zhu v. Holder

BIA
Lamb, IJ
A094 787 868

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of February, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YUNAN ZHU,
> *Petitioner,*

    v.                10-1056-ag
                         NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: G. Victoria Calle, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yunan Zhu, a native and citizen of the People's Republic of China, seeks review of a February 25, 2010, order of the BIA affirming the May 27, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yunan Zhu,* No. A094 787 868 (B.I.A. Feb. 25, 2010), *aff'g* No. A094 787 868 (Immig. Ct. N.Y. City May 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For asylum applications, such as Zhu's, governed by the REAL ID Act, the agency may,

considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Contrary to Zhu's position, substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on Zhu's inconsistencies in arriving at its decision. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-167 (2d Cir. 2008). As the IJ noted, when asked when he learned that his supervisor, the man who introduced him to Falun Gong, was a Falun Gong practitioner, Zhu first said he discovered this in 2002, then changed his answer to 2005, and later reverted to his earlier answer of 2002. Similarly, Zhu first testified that he began practicing Falun Gong in May 2004, but later testified that he began practicing in 2005. Zhu also testified that he began practicing Falun Gong in January 2005 and stopped practicing that same month, yet claimed that he practiced Falun Gong for ten months. When confronted with this impossibility, Zhu changed his testimony and stated that he practiced Falun Gong from January 2005 to February 2005,

3

about one month.  In addition, Zhu's written application provided that a friend warned him in person that he was going to be arrested, but he testified that the friend called him on the phone.  Given these inconsistencies, the agency's adverse credibility finding is supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (holding that "[w]e defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling").

The agency also reasonably relied on implausibilities in Zhu's testimony in arriving at its adverse credibility determination.  In making a finding that an applicant's claim is inherently implausible, an IJ is not required to "explain in precise detail what made each identified act implausible."  *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).  While "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."  *Siewe v. Gonzales*,

4

480 F.3d 160, 168-69 (2d Cir. 2007).

Here, the agency reasonably found it implausible that despite testifying that he did not work, Zhu testified that he was "too busy" to practice Falun Gong more than six or seven times a month and that Zhu did not know the names of any of the countries he passed through on his way to the United States. Similarly, the agency reasonably found it dubious that although Zhu had prepared eight paragraphs detailing his experiences for submission with his asylum application, he was unable to articulate the same information at his merits hearing with any real clarity. Because the agency's implausibility finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb the finding. *See Wensheng Yan*, 509 F.3d at 67; *see also Siewe*, 480 F.3d at 169.

Zhu also argues that the IJ erred in failing to give him the opportunity to explain non-obvious inconsistencies. The agency may not rest an adverse credibility finding on a non-dramatic, putative inconsistency without first putting the applicant on notice and giving the applicant a chance to reconcile the testimony. *Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006); *see also Zhi Wei Pang v. BCIS*, 448 F.3d

5

102, 109-10 (2d Cir. 2006). However, as Zhu's inconsistencies were obvious, the agency was not required to solicit an explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). Furthermore, the record clearly indicates that Zhu had the opportunity to address the discrepancies in his testimony, and in fact took that opportunity on several occasions. Nothing in Zhu's explanations, however, required the agency to credit them. *See id.* at 80-81 (holding that in order to secure relief, a petitioner "must do more than offer a plausible explanation for his inconsistent statements . . .; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony" (emphasis in original) (internal quotation marks omitted)). Nor must the agency "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Because Zhu's claims were all based on the same factual predicate, the agency's adverse credibility determination was a proper basis for the denial of both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk